IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HAMMER LGC, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Fed. Cl. No. 08-91C |
| | ) | (Judge Christine Miller) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

I. Jurisdiction

The allegations contained in the first sentence of section I constitute a conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted. Admits the allegations contained in the remainder to the extent supported by the contract and certified claim cited, which are the best evidence of their contents; otherwise denies the allegations contained in section I.

II. Background

1. Admits the allegations contained in paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 2.

3. Admits the allegation contained in paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits.

7. Admits there was a heated debate at the meeting of November 22, 2002; otherwise denies the allegations contained in paragraph 7.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies.

10. Denies.

11. Denies.

12. Denies the allegations contained in the first two sentences of paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence.

13. Denies.

14. Denies.

15. Denies.

16. Denies.

17. Denies.

18. Denies.

19. Denies the allegations contained in the first sentence of paragraph 19. Denies the allegations contained in the second sentence for lack of knowledge or information sufficient to form a belief as to their truth.

20. Denies.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies.

24. Denies.

25. Denies.

26. Denies.

27. Denies.

28. Denies.

29. Denies the allegations contained in the paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. The allegations contained in paragraph 30 constitute a conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT I**

31. Defendant's responses to paragraphs 1 through 30 are incorporated by reference.

32. Admits.

33. Admits the allegations contained in the first sentence; the allegations contained in the second sentence of paragraph 33 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

38. Denies.

39. The allegations contained in paragraph 39 constitute conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute a conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. Denies.

43. Denies.

44. Denies.

45. Admits the allegations contained in the first sentence of paragraph 45; denies the allegations in the second sentence for lack of knowledge or information sufficient to form a belief as to their truth.

46. Denies the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. The allegations contained in paragraph 47 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. Admits the masonry work was scheduled for a duration of five working days; the remainder of the allegations contained in paragraph 48 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT II**

53. Defendant's responses to paragraphs 1 through 51 are incorporated by reference.

54. Admits.

55. Admits.

56. Admits.

57. The allegations contained in paragraph 57 constitute a conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58. Admits.

59. Denies.

60. Denies.

61. Denies.

62. Denies.

63. The allegations contained in paragraph 63 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

64. The allegations contained in paragraph 64 constitute a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, they are denied.

65. The allegations contained in paragraph 65 constitute a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, they are denied.

**COUNT III**

66. Defendant’s responses to paragraphs 1 through 30 are incorporated by reference.

67. Admits.

68. Admits.

69. Admits.

70. Denies.

71. Denies.

72. Denies.

73. The allegations contained in paragraph 73 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74. The allegations contained in paragraph 74 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75. The allegations contained in paragraph 75 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76. The allegations contained in paragraph 76 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77. Denies the allegations contained in paragraph 77 for lack of knowledge or information sufficient to form a belief as to their truth.

78. The allegations contained in paragraph 78 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT IV**

79. Defendant's responses to paragraphs 1 through 30 are incorporated by reference.

80. Denies the allegations contained in the first sentence of paragraph 80; admits the remainder of the allegations.

81. The allegations contained in paragraph 81 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82. Denies.

83. The allegation that the Navy Contract Administrator caused delays constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of

fact, it is denied; admits the remainder of paragraph 83 that the Navy disagreed with the type of masonry block.

84. Denies and avers that plaintiff was using a different block than it had proposed in its material submittal.

85. Denies and avers that the Navy required the use of the block shown in plaintiff's material submittal.

86. Admits the allegations contained in paragraph 86 that plaintiff submitted documentation from the block manufacturer; denies the allegations that plaintiff was using the correct bond beam block.

87. Admits the Navy allowed the construction of the masonry wall; avers that the Navy did so pursuant to a request for variance.

88. The allegations contained in paragraph 88 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

89. The allegations contained in paragraph 89 constitute a conclusion of law to which no answer is required; to the extent they may be deemed an allegation of fact, they are denied.

90. The allegations contained in paragraph 90 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT V**

91. Defendant's responses to paragraphs 1 through 30 are incorporated by reference.

92. The allegations contained in paragraph 92 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

93. Denies.

94. Admits that the Quality Control Manger was the approving authority and that he provided informational copies to defendant; otherwise denies the allegations contained in paragraph 94.

95. Denies the allegations contained in paragraph 95 for lack of knowledge or information sufficient to form a belief as to their truth.

96. Admits.

97. Denies the allegation that the Navy stopped work; admits the remainder of the allegations contained in paragraph 97.

98. Admits.

99. Admits.

100. Admits.

101. The allegations contained in paragraph 101 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

102. The allegations contained in paragraph 102 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

103. The allegations contained in paragraph 103 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT VI**

104. Defendant’s responses to paragraphs 1 through 30 are incorporated by reference.

105. The allegations contained in paragraph 105 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

106. Admits.

107. Denies.

108. Denies the allegation contained in paragraph 108 for lack of knowledge or information sufficient to form a belief as to their truth.

109. Denies.

110. Denies.

111. The allegations contained in paragraph 111 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

112. The allegations contained in paragraph 112 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

113. The allegations contained in paragraph 113 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT VII**

114. Defendant's responses to paragraphs 1 through 30 are incorporated by reference.

115. Admits.

116. Denies.

117. Denies.

118. Denies.

119. Denies.

120. The allegations contained in paragraph 120 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

121. The allegations contained in paragraph 121 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

122. The allegations contained in paragraph 122 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT VIII**

123. Defendant's responses to paragraphs 1 through 30 are incorporated by reference.

124. Denies.

125. Admits the allegation contained in paragraph 125 that plaintiff laid out the location of both the fence and gate posts; denies the remainder of the allegations.

126. Denies.

127. Admits.

128. Denies the allegations contained in paragraph 128; avers that the Navy made the decision to waive the requirement in the Military Handbook that prohibited a top rail on the fence after plaintiff had installed a top rail.

129. Admits to the extent the Navy waived the issue regarding the top rail, and that the Navy admitted that the approved drawings showed a wider gate; otherwise denies the allegations contained in paragraph 129.

130. Admits.

131. Denies the allegations contained in paragraph 131 for lack of knowledge sufficient to form a belief as to their truth.

132. Admits.

133. Admits the allegation to the extent that the Contract Administrator suggested plaintiff's submittal of a variance; otherwise denies the allegations contained in paragraph 133.

134. Denies that the Contract Administrator "directed" submission of a variance; admits the remaining allegations contained in paragraph 134.

135. Admits.

136. Admits the first statement that Building 193 is not a parking lot and denies the remainder of the allegations contained in paragraph 136.

137. Admits.

138. The allegations contained in paragraph 138 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

139. Denies the allegation contained in paragraph 139 for lack of knowledge or information sufficient to form a belief as to their truth.

140. The allegations contained in paragraph 140 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

141. Denies the allegations contained in paragraph 141 for lack of knowledge or information sufficient to form a belief as to their truth.

142. The allegations contained in paragraph 142 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT IX**

143. Defendant's responses to paragraphs 1 through 30 are incorporated by reference.

144. The allegations contained in paragraph 144 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

145. Denies the allegations contained in paragraph 145 and avers that the contract drawings showed the location of the light poles inside the fence.

146. Denies the allegations contained in paragraph 146 and avers that the contract drawings showed the location of the light poles inside the fence.

147. Denies the allegations contained in paragraph 147 for lack of knowledge or information sufficient to form a belief as to their truth; the allegation that it was a revised design constitutes a conclusion of law to which no answer is required; to the extent it may be deemed allegation of fact, it is denied.

148. Denies the allegation contained in paragraph 148 that the Navy directed plaintiff; otherwise admits the allegation.

149. The allegations contained in paragraph 149 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

150. The allegations contained in paragraph 150 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

151. The allegations contained in paragraph 151 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT X**

152. Defendant's responses to paragraphs 1 through 30 are incorporated by reference.

153. Admits.

154. The allegation contained in paragraph 154 constitute a conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

155. Denies.

156. Denies the allegations contained in paragraph 156 up to the word "reasonable" for lack of knowledge or information sufficient to form a belief as to their truth; admits the

remaining allegations to the extent supported by the referenced documents, which are the best evidence of their contents, otherwise denies.

157. Denies.

158. Admits and avers that there was no variance.

159. Admits.

160. Admits.

161. Denies.

162. The allegations contained in paragraph 162 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

163. The allegations contained in paragraph 163 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

164. The allegations contained in paragraph 164 constitute conclusions of law to which no answer is required; to the extent they may be deemed an allegation of fact, they are denied.

**COUNT XI**

165. Defendant's responses to paragraphs 1 through 30 are incorporated by reference.

166. Denies.

167. The allegation contained in paragraph 167 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

168. Admits; avers that this was done at plaintiff's request.

169. Admits.

170. Denies.

171. Denies.

172. Admits that defendant paid no additional compensation; denies that plaintiff was entitled to additional compensation.

173. The allegation contained in paragraph 173 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

174. The allegations contained in paragraph 174 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

175. Denies the allegations contained in paragraph 175 for lack of knowledge or information sufficient to form a belief as to their truth.

176. The allegations contained in paragraph 176 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT XII**

177. Defendant's responses to paragraphs 1 through 30 are incorporated by reference.

178. Admits.

179. Admits.

180. Denies.

181. Admits and avers that the revised drawings were included in solicitation amendments.

182. Denies the allegations contained in paragraph 182 for lack of knowledge sufficient to form a belief as to their truth.

183. Admits.

184. Admits and avers that plaintiff was allowed to surface mount the electrical work.

185. Denies the allegations contained in paragraph 185 for lack of knowledge sufficient to form a belief as to their truth.

186. Denies.

187. Denies that the Navy provided the wrong drawings; avers that the revised drawings were included in solicitation amendments; denies that the Navy never explained this to plaintiff.

188. The allegations contained in paragraph 188 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

189. Denies the allegations contained in paragraph 189 for lack of knowledge or information sufficient to form a belief as to their truth.

190. Denies.

191. The allegations contained in paragraph 191 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied..

**COUNT XIII**

192. Defendant's responses to paragraphs 1 through 30 are incorporated by reference.

193. Denies.

194. Denies the allegations contained in the first sentence for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 194.

195. Admits.

196. Admits and avers that the variance was submitted after the concrete was poured for the arched walls of the magazine.

197. Admits.

198. Admits.

199. Denies.

200. Denies the allegations contained in paragraph 200 for lack of knowledge or information sufficient to form a belief as to their truth.

201. The allegations contained in paragraph 201 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

202. Admits the Navy disapproved the proposed work; denies the remaining allegations contained in paragraph 202; avers that a proposed fix was not received until May 28, 2002.

203. Denies the allegation in paragraph 203 that the Navy waited to respond to plaintiff; otherwise admits the allegations.

204. Admits

205. Admits.

206. The allegations contained in paragraph 206 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

207. Denies the allegations contained in paragraph 207 for lack of knowledge or information sufficient to form a belief as to their truth.

208. The allegations contained in paragraph 208 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT XIV**

209. Defendant's responses to paragraphs 1 through 30 are incorporated by reference.

210. Admits.

211. Admits.

212. Admits.

213. Denies.

214. The allegations contained in paragraph 214 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

215. The allegation contained in paragraph 215 constitutes a conclusion of law to which no answer is required; to the extent they may be deemed an allegation of fact, they are denied.

216. Denies.

217. Admits the allegation contained in paragraph 217; avers that a wheelchair lift is not an elevator.

218. Denies.

219. The allegations contained in paragraph 218 constitute a conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

220. The allegations contained in paragraph 220 constitute conclusions of law to which no answer is required; to the extent they may be deemed an allegation of fact, they are denied.

221. The allegations contained in paragraph 221 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

222. Denies the allegations contained in paragraph 222 for lack of knowledge or information sufficient to form a belief as to their truth.

223. The allegations contained in paragraph 223 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT XVI**

224. Defendant's responses to paragraphs 1 through 224 are incorporated by reference.

225. The allegation contained in paragraph 225 constitutes conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

226. Denies.

227. The allegations contained in paragraph 227 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

228. The allegations contained in paragraph 228 constitutes conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

229. The allegation contained in paragraph 229 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

230. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant such other and further relief as the court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, DC 20530
Tele: (202) 353-1618
Fax: (202) 514-8624

April 28, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 28th day of April, 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael N. O'Connell